IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN HERRERA,

    Plaintiff,

v.    No. CIV-03-0981 WPJ/DJS

JOE WILLIAMS, Secretary
of Corrections, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's original and amended civil rights complaints (together the "complaint") under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Several motions are also before the Court. Plaintiff, who is incarcerated and appearing pro se, has paid the filing fee and is proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if " 'it is "patently obvious" that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.' " *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but



liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The original complaint alleges that Plaintiff has been improperly classified by corrections officials and kept in administrative segregation for long periods of time, contrary to department policies. Plaintiff has been housed in a mental health unit and, pursuant to state court order, required to take certain oral medications. He also has been denied access to grievance procedures. Plaintiff claims Defendants' actions have caused him to suffer mental and emotional stress and physical pain, in violation of his rights under the Eighth and Fourteenth Amendments. In his amended complaint, Plaintiff claims that New Mexico's Sex Offender Registration and Notification Act, N.M. Stat. Ann. §§ 29-11A-1 through -8 (Michie Repl. Pamp. 2001), violates his rights under the Ex Post Facto Clause. Plaintiff seeks damages and equitable relief.

No relief is available on Plaintiff's classification and grievance claims. First, Plaintiff has no due process rights to a particular classification, *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994); *Bailey v. Shillinger*, 828 F.2d 651, 652 (10th Cir. 1987), and the complaint's allegations regarding Plaintiff's classifications do not indicate outrageous conduct, *Duffy v. Uphoff*, No. 96-8017, 1997 WL 82482, at **2 (10th Cir. 1997) (due process may protect inmate from arbitrary changes in classification that are outrageous or shock the conscience). Furthermore, allegations of denial of grievance procedures do not support a claim under 42 U.S.C. § 1983. *Murray v. Albany County Bd. of County Comm'rs*, No. 99-8025, 2000 WL 472842, at **2 (10th Cir. Apr. 20, 2000) (affirming dismissal of claim for inadequate grievance procedures; no liberty interest implicated). These claims will be dismissed.

Nor is relief available on Plaintiff's claim of constitutional violation under New Mexico's sex offender registration act. He contends that, because the statute is punitive in effect and was

enacted before he was convicted, the act as applied to him violates the Ex Post Facto Clause. Courts have generally upheld the constitutionality of sex offender registration acts against ex post facto challenges. *Smith v. Doe*, --- U.S. ---, ---, 123 S.Ct. 1140, 1154 (2003) (upholding Alaska's statute); *Femedeer v. Haun*, 227 F.3d 1244, 1253 (10th Cir. 2000) (Utah statute); *Doe v. Pataki*, 120 F.3d 1263, 1285 (2d Cir. 1997) (New York statute); *E.B. v. Verniero*, 119 F.3d 1077, 1111 (3d Cir. 1997) (New Jersey statute). The Ninth Circuit case cited by Plaintiff in support of his claim was reversed in *Smith*, 123 S.Ct. at 1146, 1154. The New Mexico statute is no more punitive than those upheld in the cases cited above, and Plaintiff's ex post facto claim will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice, and pursuant to Fed.R.Civ.P. 58(a)(2)(A)(iii), judgment will be entered in accordance with this opinion;

IT IS FURTHER ORDERED that all other pending motions are DENIED as moot.

UNITED STATES DISTRICT JUDGE